Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*
And all those similarly situated

UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEJANDRO VALLESILLO, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STELLAR MUTUAL INC., a Delaware corporation, STELLAR MUTUAL GLOBAL INC, a Delaware corporation, DANIEL SHARBANI, an individual, and JOHN DOE, an unknown business entity,<br><br>Defendants. | Case No.: 8:22-cv-00307-MDN<br><br>BRIEF IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY |

## I. INTRODUCTION

Plaintiff seeks leave to conduct limited discovery in support of determining the identity of the class and classwide damages. Defendants STELLAR MUTUAL INC., STELLAR MUTUAL GLOBAL INC., and DANIEL SHARBANI ("Defendants") placed thousands of unsolicited telemarketing calls nationwide without obtaining consent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c) and implementing regulations. *See* First Amended Complaint ("FAC") ¶¶ 3–4. Defendants did so in order to promote and sell their loan services. Now they have refused to respond to lawfully served summons and FAC and the Clerk's default has been entered.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Stellar Mutual markets and sells loans to consumers. FAC, ¶ 17. Daniel Sharbani is the chief executive officer at Stellar Mutual. Ms. Sharbani and/or one of her agents hired John Doe to place phone calls marketing Stellar Mutual's loan services. *Id*. ¶ 18. Unfortunately, Defendants failed to obtain consent from Plaintiff and the Class or check the Do Not Call registry before placing these unsolicited calls. *Id*. ¶ 19.

Starting in April through June 2022, Plaintiff received approximately a dozen unsolicited phones call from John Doe and/or Stellar Mutual soliciting Stellar Mutual's loan products. *Id*. ¶ 20. At the time of the calls, Plaintiff's phone number ending in 8312 had been registered on the Federal Do Not Call Registry since December 2021. *Id*. ¶ 21. When Plaintiff answered one of the calls, Plaintiff was solicited for Stellar Mutual's loan products. *Id*. ¶ 22. Plaintiff never consented to receive calls from Defendants. Plaintiff never heard of Defendants and had no relationship whatsoever with Defendants prior to this interaction. *Id*. ¶ 23. Defendants' call violated Plaintiff's statutory rights and caused actual and statutory damages. *Id*. ¶ 24. In addition to causing statutory damages, the illegal calls caused annoyance, intrusion on privacy and seclusion, and wasted cell phone battery life and time to Plaintiff. *Id*. ¶ 25.

On August 4, 2022, Plaintiff filed suit against Stellar Mutual Inc. for violation of the TCPA's ban on telemarketing calls to people whose numbers were registered on the Federal Do Not Call Registry, for violating 47 CFR 64.1200(d)(1) requiring Defendants to maintain a written telemarketing policy, and 47 CFR 64.1200(d)(2) for failing to train their personnel on their telemarketing policy. Filing No. 1. On October 12, 2022, Plaintiff filed the FAC, this time naming additional Defendants Stellar Mutual Global Inc. and Daniel Sharbani. Filing No. 10.

In the FAC, Plaintiff seeks to represent himself and a putative class described as:

**TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) Defendants called more than once in a 12-month period (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time of the call. *Id*. ¶ 23. ¶ 26.

### III.   LEGAL STANDARD

In general, a party "may not seek discovery from any source" until the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d), (f). However, a party may request expedited discovery within the Eighth Circuit by demonstrating "good cause." *See, e.g.*, *Strike 3 Holdings, LLC, v. Doe*, No. CV 18-774, 2018 WL 4210202, at *2 (D. Minn. Sept. 4, 2018); *Nilfisk, Inc. v. Liss*, No. 17-cv-1902 (WMW/FLN), 2017 U.S. Dist. LEXIS 220970, 2017 WL 7370059, at *7 (D. Minn. June 15, 2017); *Progressive Cas. Ins. Co. v. F.D.I.C.*, 283 F.R.D. 556, 557 (N.D. Iowa 2012). "To establish good cause, the party seeking discovery must demonstrate that the need for expedited discovery, in consideration of [the] administration of justice, outweighs prejudice to the responding party." *Nilfisk*, 2017 U.S. Dist. LEXIS 220970 at *18 (internal quotes omitted); *McDonald Apiary, LLC v. Starrh Bees, Inc.*, No. 8:14CV351, 2015 U.S. Dist. LEXIS 17958, at *3 (D. Neb. Apr. 8, 2015); *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008).

IV. **THE COURT SHOULD GRANT LEAVE TO CONDUCT LIMITED DISCOVERY**

Pursuant Fed. R. Civ. P. 26(d)(1), Plaintiff Alejandro Vallessillo moves the Court for leave to conduct discovery before the parties have conferred as required by Rule 26(f). This is a putative class action alleging Defendants willfully violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., by making calls to people whose phone numbers were registered on the federal do Not Call Registry without prior express written consent. The TCPA provides for statutory damages in the amount of $500 for each violation of the TCPA and implementing regulations, and up to $1,500 for each willful violation. 47 U.S.C. § 227(b)(3). Plaintiff seeks statutory damages for himself and on behalf of the class.

A. **The Clerk Has Properly Entered Default against All Defendants**

Rule 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead . . . , and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On October 13, 2022, Plaintiff's process server personally served VCORP Services, Inc., Stellar Mutual Global Inc.'s registered agent for service of process, with the Summons and Plaintiff's First Amended Class Action Complaint. *See* Return of Service See Filing No. 15. On November 14, 2022, a process server served a copy of the Summons and FAC upon Defendant DANIEL SHARBANI by personal service. *See* Filing No. 20. On November 18, 2022, a process server served a copy of the Summons and FAC upon Defendant STELLAR MUTUAL, INC. by personal service on VCORP SERVICES, LLC at 1:25 p.m., the registered agent for STELLAR MUTUAL, INC. currently on file with the Delaware Secretary of State's office. *See* Filing No. 22. As of the date of this filing, more than 21 days have passed since serving the Summons and FAC upon Defendant STELLAR MUTUAL, INC., Defendant STELLAR MUTUAL GLOBAL INC., and Defendant DANIEL SHARBANI, and all of the Defendants have all failed to file a responsive pleading.

### B. Plaintiff Has Stated Legitimate Claims against Defendants

When, as here, "default has been entered on a claim for an indefinite or uncertain amount of damages," the defaulting party can no longer contest the well-pled factual allegations in the complaint that establish liability—those facts "'are taken as true.'" *Cutcliff v. Reuter*, 791 F.3d 875, 882 (8th Cir. 2015) (quoting *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001)); *see also* Fed. R. Civ. P. 8(b)(6). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotation marks and citation omitted).

Plaintiff has established that Defendants placed thousands of illegal telemarketing calls to himself and class members who had registered their phone numbers on the Federal Do Not Call registry. *See* FAC, ¶¶ 19-26. Defendants failed to obtain consent prior to placing these calls. *Id*. ¶¶ 19, 23. Further, Defendants also violated 47 CFR 64.1200(d)(1) for failing to maintain a written telemarketing policy and 47 CFR 64.1200(d)(2) for failing to train their personnel on the telemarketing policy. Defendants have failed to respond, and thus they have effectively admitted the truth of these factual allegations.

### C. Plaintiff Should be Granted Leave to Take Class Discovery

If necessary, the Court may conduct an evidentiary hearing to (1) "determine the amount of damages," (2) "establish the truth of any allegation by evidence," or (3) "investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008) ("The need for a hearing is within the sound discretion of the district court under Fed. R. Civ. P. 55(b)(2)(B)."). "Once the amount of damages has been established, the [C]ourt may enter judgment pursuant to the rule." *Stephenson*, 524 F.3d at 916.

Entry of a default judgment, however, requires evidence establishing the amount due. *See* Fed. R. Civ. P. 55(b); In addition, "a default judgment cannot be entered until the amount of damages has

been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000). A district court may conduct an evidentiary hearing 'to determine the amount of damages or to establish the truth of any averment by evidence.'"). The plaintiff must prove allegations pertaining to the amount of damages "to a reasonable degree of certainty." *St. Louis-Kansas City Carpenters Reg'l Council v. Joseph Constr., Inc.*, No. 4:16-CV-00929-AGF, 2016 U.S. Dist. LEXIS 152509, 2016 WL 6524342, at *2 (E.D. Mo. Nov. 3, 2016).

It is therefore unsurprising that, after a clerk's entry of default, district courts have uniformly allowed a plaintiff to conduct limited discovery to determine the amount of damages. *See, e.g., Alstom Power Inc. v. Graham*, No. 3:15-CV-174, 2016 U.S. Dist. LEXIS 10112, 2016 WL 354754, at *3 (E.D. Va. Jan. 27, 2016) (allowing plaintiff to "engage in discovery limited to ascertaining the existence and amount of damages"); *Employers and Cement Masons #90 Health and Welfare Fund v. Albright Concrete*, No. 4:17-CV-1424-CDP, 2017 U.S. Dist. LEXIS 203094, 2017 WL 6316815, at *3 (E.D. Mo. Dec. 11, 2017) (noting that the court granted Plaintiffs' request for permission to conduct discovery regarding damages); *Sprint Nextel Corp. v. Yoak*, No. 4:13-CV-01292-AGF, 2014 U.S. Dist. LEXIS 86941, 2014 WL 2894931, at *1 (E.D. Mo. Jun. 26, 2014) (same); *DIRECTV, Inc. v. Guzzi*, 308 F. Supp. 2d 788, 791 (S.D. Mich. 2004) (allowing limited discovery to assess damages); *Cranor v. Skyline Metrics*, LLC, 2018 U.S. Dist. LEXIS 210721, 2018 WL 11437828 (W.D. Mo. Dec. 14, 2018) (allowing plaintiff to conduct discovery and obtain support for his motion for class certification after defendant failed to make an appearance in a TCPA action); *Eder v. Home Improvements Inc.*, 2020 WL 6870851 (M.D. Fla. October 2, 2022) (allowing the same).

So too here, allowing discovery before the filing of a motion for default judgment best serves judicial economy because in order to recover damages in a default judgment, Plaintiff will need to prove them to a reasonable degree of certainty. *Stephenson v. El-Batrawi*, 524 F.3d 907, 916-17 (8th Cir. 2008) ("Evidence and supporting documents must provide a basis for the amount of damages sought by

plaintiffs and awarded by the Court."). Moreover, the discovery involved in class certification will certainly be similar to the discovery involved in determining damages, and the process can be expedited by conducting discovery on both issues concurrently.).

Similarly, in the class action context, it is well established that, following default, a plaintiff should be allowed to take class discovery and seek class certification in order to obtain a default judgment on behalf of the entire class. *See Williams v. NRS Billing Servs., LLC*, No. 16-CV-75-A, 2016 U.S. Dist. LEXIS 98101, at *1-2 (W.D.N.Y. July 27, 2016) ("case law does support allowing a plaintiff to take discovery before moving for default judgment, primarily because a 'motion for class certification will be necessary before default judgment can be entered on behalf of the class'"); *Blazek v. Capital Recovery Assocs.*, 222 F.R.D. 360, 360 (E.D. Wis. 2004) (Plaintiff sought "discovery of defendant in order to determine the composition of the class and the amount of damages," which "information is necessary to enable her to obtain a default judgment.")

Accordingly, Plaintiff should be permitted to conduct discovery after taking default where, as here, it is necessary to determine the amount of damages. *See, e.g., Directv, Inc. v. Guzzi*, 308 F. Supp. 2d 788, 790-91 (E.D. Mich. 2004) ("To determine the amount of damages to be assessed . . . , limited discovery is required . . . . Accordingly, and consistent with Rule 55(b)(2), [plaintiff] is authorized to conduct discovery.").

Similarly, in the class action context, it is well established that, following default, a plaintiff should be allowed to take class discovery and seek class certification in order to obtain a default judgment on behalf of the entire class. *See Williams v. NRS Billing Servs., LLC*, No. 16-CV-75-A, 2016 U.S. Dist. LEXIS 98101, at *1-2 (W.D.N.Y. July 27, 2016) ("case law does support allowing a plaintiff to take discovery before moving for default judgment, primarily because a 'motion for class certification will be necessary before default judgment can be entered on behalf of the class'"); *Blazek v. Capital Recovery Assocs.*, 222 F.R.D. 360, 360 (E.D. Wis. 2004) (Plaintiff sought "discovery of defendant in

order to determine the composition of the class and the amount of damages," which "information is necessary to enable her to obtain a As a result, Plaintiff should be allowed to pursue discovery related to the class certification requirements of Rule 23 as well as the calls to him and each putative class member.

Despite Plaintiff's need for this discovery, under Rule 26, however, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). Because Defendant has neither answered nor appeared and has no intention of participating in the case, Rule 26(d)(1) prevents Plaintiff from seeking the discovery needed to obtain a default judgment absent Court order. Against this factual backdrop, Plaintiff should be granted leave under Rule 26(d)(1) to take discovery without a Rule 26(f) conference. *See Williams*, 2016 U.S. Dist. LEXIS 98101, at *3 (granting plaintiff leave under Rule 26(d)(1) to conduct class and damages discovery of defendant under Rules 26-37 "as if Defendant were a non-defaulting party"); *Denicola v. Allied Collection Servs.*, 2013 U.S. Dist. LEXIS 52834, at *2 (E.D.N.Y. Apr. 11 2013) ) (granting motion to conduct discovery because plaintiff "'needs to acquire certain additional information . . . in order to move for class certification . . . and to help establish statutory damages,'" noting that "defendant may be strategically defaulting to avoid class certification").

### V.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order granting Plaintiff leave under Fed. R. Civ. P. 26(d)(1) to conduct discovery of Defendant related to the requirements for class certification under Fed. R. Civ. P. 23, the calls made to Plaintiff and the putative class; and awarding Plaintiff such other and further relief as the Court deems proper.

Dated: December 15, 2022         Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
Javitch Law Office

3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705

*Attorney for Plaintiff*
and the Putative Class