# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEJANDRO VALLESILLO, individually, and on behalf of all others similarly situated;<br><br>**Plaintiff,**<br><br>vs.<br><br>STELLAR MUTUAL INC., a Delaware Corporation; STELLAR MUTUAL GLOBAL INC, a Delaware corporation; DANIEL SHARBANI, an individual; and JOHN DOE, an unknown business entity;<br><br>**Defendants.** | **8:22CV307**<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion for Leave to Seek Limited Discovery Prior to Rule 26(f) Conference (Filing No. 25). Plaintiff moves the Court for leave to conduct limited discovery to ascertain class members and damages.

Plaintiff filed a Complaint on August 24, 2022 (Filing No. 1), and an Amended Complaint on October 12, 2022, seeking to "stop [the defendants'] illegal practice of making unsolicited telemarketing calls to the telephones of consumers whose phone numbers were registered on the Federal Do Not Call Registry" in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Filing No. 10). Plaintiff alleges from April through June 2022, he received approximately a dozen unsolicited phones call from defendants John Doe and/or Stellar Mutual soliciting Stellar Mutual's loan products. Plaintiff seeks to represent himself and a class of similarly situated individuals defined as those who "(1) from the last 4 years to present (2) Defendants called more than once in a 12-month period (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time of the call." (Filing No. 10 at p. 4). On December 12, 2022, Plaintiff obtained Clerk's Entry of Default against all the defendants because they failed to file a responsive pleading after service of the amended complaint. (Filing No. 23). Plaintiff now requests leave to conduct limited discovery related to the requirements for class certification under Fed. R. Civ. P. 23, including discovery to determine the identity of the class and damages. (Filing No. 25-1). Plaintiff asserts such discovery is needed to obtain a default judgment for the class.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1); see also Fed. R. Civ. P. 55(b)(2) (providing that when a party must apply to the court for a default judgment, the court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: . . . (B) determine the amount of damages; . . . or (D) investigate any other matter." After review of the docket, and Plaintiff's motion and brief, the Court finds Plaintiff's motion should be granted. The putative class has not yet been certified, and an entry of default does not alter the Court's class certification analysis under Rule 23. Because the defendants have failed to answer or otherwise appear, Plaintiff cannot demonstrate class certification is proper. Defendants should not be rewarded by avoiding class liability for refusing to appear or file a responsive pleading. Other district courts have permitted a plaintiff to take class discovery after an entry of default in order to seek class certification and obtain a default judgment on behalf of the entire class under similar circumstances. See, e.g., *Cranor v. Skyline Metrics, LLC*, No. 4:18-CV-00621-DGK, 2018 WL 11437828, at *2 (W.D. Mo. Dec. 14, 2018) (granting plaintiff leave to conduct discovery regarding class certification and damages in TCPA action after defendant defaulted). Upon consideration,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Seek Limited Discovery Prior to Rule 26(f) Conference (Filing No. 25) is granted. Plaintiff may conduct discovery as to the issues of class certification and damages. Plaintiff shall file a proposed scheduling order for the time necessary to complete such discovery by January 10, 2022.

Dated this 20th day of December, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge