Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEJANDRO VALLESILLO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, an unknown business entity, <br><br> Defendant, <br><br> v. <br><br> STELLAR MUTUAL INC., a Delaware corporation, STELLAR MUTUAL GLOBAL INC, a Delaware corporation and DANIEL SHARBANI, an individual, <br><br> Defaulted Defendants. | Case No.: 8:22-cv-00307-RFR-MDN <br><br> **PLAINTIFF'S BRIEF OPPOSING DEFENDANTS' MOTION TO SET ASIDE DEFAULT** |

Pursuant to NECivR 7.1(b)(1), Plaintiff hereby submits the following opposition to Defaulted Defendants' motion to set aside the Clerk's Default.

## I. INTRODUCTION

Defendants STELLAR MUTUAL INC., STELLAR MUTUAL GLOBAL INC., and DANIEL SHARBANI ("Defendants") move to set aside the Clerk's Entry of Default. Filing No. 32. However, Defendants do not cite the correct section of Fed. R. Civ. P. 55(a) and additionally, they fail to establish good cause for setting aside the default. Therefore, Defendants' motion should be denied.

## II. FACTUAL BACKGROUND

On August 24, 2022, Plaintiff filed his Class Action Complaint, naming Defendant STELLAR MUTUAL, INC., alleging violations of the Telephone Consumer Protection Act (or the "TCPA") 47 U.S.C. § 227. (Filing No. 1). On August 26, 2022, a process server served a copy of the Summons and Complaint upon Defendant STELLAR MUTUAL, INC. by personal service on VCORP SERVICES, LLC, the registered agent for STELLAR MUTUAL, INC. currently on file with the Delaware Secretary of State's office. (Filing No. 7; Javitch Aff., ¶¶ 5-6.). Defendant STELLAR MUTUAL, INC. failed to plead or otherwise respond to this Court according to Fed. R. Civ. P. 12. (Javitch Aff., ¶ 7.). On September 20, 2022, Plaintiff requested the Clerk Entered Default. On SSS, the Clerk entered default against Defendant STELLAR MUTUAL, INC.

On October 12, 2022, Plaintiff filed his First Amended Complaint ("FAC") against Defendants Stellar Mutual Inc., Stellar Mutual Global Inc., and Daniel Sharbani, alleging violations of the Telephone Consumer Protection Act (or the "TCPA") 47 U.S.C. § 227. (Filing No. 10). On October 13, 2022, a process server served a copy of the Summons and Complaint upon Defendant STELLAR MUTUAL GLOBAL INC. by personal service on VCORP SERVICES, LLC, the registered agent for STELLAR MUTUAL GLOBAL INC. currently on file with the Delaware Secretary of State's office. (Filing No. 15; Javitch Aff., ¶¶ 5-6.). On November 14, 2022, a process server served a copy of the Summons and FAC upon Defendant DANIEL SHARBANI by personal service. (Filing No. 20; Javitch Aff., ¶ 7).

On November 18, 2022, a process server served a copy of the Summons and FAC upon Defendant STELLAR MUTUAL, INC. by personal service on VCORP SERVICES, LLC at 1:25 p.m., the registered agent for STELLAR MUTUAL, INC. on file with the Delaware Secretary of State's office. (Filing No. 22; Javitch Aff., ¶¶ 5, 8).

Defendant STELLAR MUTUAL, INC., Defendant STELLAR MUTUAL GLOBAL INC., and Defendant DANIEL SHARBANI, all failed to file a responsive pleading. On December 10, 2022, Plaintiff requested the clerk's default against all Defendants. (Filing No. 23). On December 12, 2022, the Clerk Entered Default against all Defendants.

On December 20, 2022, the Court granted Plaintiff's motion to Seek Limited Discovery Prior to the Rule 26(f) conference. (Filing No. 26). Plaintiff was granted leave to conduct discovery as to the issues of class certification and damages. *Id*. The deadline for Plaintiff to complete written discovery is June 20, 2023, and Plaintiff's next status update is due on March 13, 2023. (Filing No. 30).

On January 26, 2023, Plaintiff filed a Status Report. (Filing No. 29). Plaintiff served two subpoenas on Defendant Daniel Sharbani and Attorney Michael Bloom on December 29, 2022 and January 14, 2023, respectively. (Filing Nos. 28-1, 28-2).

On February 6, 2023, counsel entered their appearance for Defendants. (Filing No. 31). Plaintiff agreed to withdraw the Subpoena to Attorney Michael Bloom. On the same day, Defendants filed their motion to set aside the clerk's default. (Filing No. 32). On February 17, 2023, Daniel Sharbani responded to the Subpoena with only objections based on the fact that he did not possess documents in his "personal" capacity.

### III. LEGAL STANDARD

An entry of default may be set aside "for good cause shown." Fed. R. Civ. P. 55(c). "Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether

the other party would be prejudiced if the default were excused." *Johnson v. Leonard,* 929 F.3d 569, 573-74 (8th Cir. 2019). "Setting aside default is often appropriate for marginal failures when there are meritorious defenses and an absence of prejudice." *Id*. at 573-74 (cleaned up). Essentially, the court must determine whether good cause exists to set aside default and allow the defendant to proceed on the merits. *See* Fed. R. Civ. P. 6(b), 55(c).

### IV.   LEGAL ARGUMENT

In determining whether good cause exists, the Court should weigh "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (quoting *Johnson v. Dayton Elec. Mfg. Co*., 140 F.3d 781, 784 (8th Cir. 1998)). Defendants cite to the wrong section of Rule 55 and do not otherwise provide any meritorious defense.

**A.   Plaintiff complied with Fed. R. Civ. P. 55(a) and L.R. 55**

Defendants do not appear to take issue with the Clerk's entry of Default first entered against Stellar Mutual, Inc. on September 20, 2022. (Filing No. 9). However, Defendants argue that Plaintiff's Second Request for the Clerk's Default on the First Amended Complaint was defective because it failed to include a request for a sum certain and state that the defendant is not an infant or an incompetent person. (Filing No. 32, ¶¶ 8-10).

However, NECivR 55.1 provides that:

**55.1 Default Judgment.**
    **(a)**    **Clerk's Entry of Default.**

        To obtain a clerk's entry of default under Federal Rule of Civil Procedure 55(a), a party must:

        (1)    file a motion for the clerk's entry of default; and

    (2) e-mail a proposed clerk's entry of default to the clerk at clerk@ned.uscourts.gov. This clerk's entry of default should state that a default is being entered for failure to plead or otherwise defend under Federal Rule of Civil Procedure 55(a).

*See* NECivR 55.1(a). The items that Defendants say are required for the Clerk's default are actually instead part of moving for default judgment under NECivR 55.1(b). Regardless, here, Plaintiff pointed out that a sum certain cannot yet be calculated for the entire class without class discovery, and the Court granted Plaintiff leave to conduct discovery to ascertain and calculate classwide damages. (Filing No. 26). Therefore, Plaintiff fully complied with Fed. R. Civ. P. 55(a) and NECivR 55.1(a) in requesting the clerk's default. The Clerk properly entered defaults against Defendants under the correct procedure.

### B. Defendants' Arguments

The Defendants in this case are requesting the Court, under Federal Rule of Civil Procedure 55(c), to set aside the Clerk's Entry of Default entered on December 12, 2022. They argue that the Entry of Default was improperly granted because Plaintiff's supporting affidavit did not comply with the requirements of NECivR 55.1, which they say mandates that the moving party submit an affidavit stating the amount of damages for which default is sought, along with an exact computation of interest and costs, and that the defendant against whom judgment is to be entered is not an infant or incompetent person as stated in Federal Rule of Civil Procedure 55(b)(1). They cite Assist *Fin. Servs., Inc. v. Freight One Transportation, Inc.* as an example of a case where the failure to identify damages that are reasonably calculable as a sum certain was a basis to deny the requested clerk's default.

Additionally, Defendants claim that they have good cause to set aside the Entry of Default under Federal Rule of Civil Procedure 55(c) because they have claim to have meritorious defenses and they claim their conduct is not blameworthy or culpable. They claim they had retained prior, non-local counsel who engaged in possible settlement discussions with Plaintiff's counsel, and they have now retained new, local counsel to defend their interests.

### C. Defendants Fail to Establish Good Cause

Defendants have failed to provide a valid reason for their delay in responding to the lawsuit and the Subpoena to Mr. Sharbani. Defendants have not shown good cause for their failure to respond to the lawsuit in a timely manner. They were properly served with the original complaint and the First Amended Complaint, yet they failed to file a responsive pleading or otherwise participate in the case. This lack of response suggests a disregard for the legal process and a failure to take the lawsuit seriously.

This lawsuit was filed on August 24, 2022 and Defendant Stellar Mutual was served on August 26, 2022. (Filing No. 6), Until January 31, 2023, when Defendants' counsel contacted Plaintiff's counsel, there was no attempt whatsoever to defend against the Complaint or the First Amended Complaint. Yet default was first entered against Stellar Mutual on September 20, 2022. Default against the other Defendants was entered on December 12, 2022. (Filing No. 24).

Defendants claim that there are good reasons for their failure to respond and that they have a meritorious defense, but they do not state what their good reasons and valid defenses are. Defendants have not established good cause to set aside the default. *See United States v. $1,638,055.00 United States Currency*, No. , 2021 U.S. Dist. LEXIS 228770 (D. Neb., Nov. 30, 2021) ("[The defendant] has provided nothing that actually explains his failure to file a timely answer.") Defendants have not shown that they have a meritorious defense to the lawsuit and fail to attach a proposed answer. The allegations in the complaint relate to violations of the TCPA, which has strict liability provisions. Defendants' failure to respond to the lawsuit means that they have not presented any evidence or arguments to suggest that they did not violate the TCPA or that they have a defense to the lawsuit.

The only support proffered to show a lack of culpability for these defaults is that they engaged in settlement discussions. But the mere reference to settlement discussions, presented without supporting evidence, is not sufficient to avoid obligations under the Federal Rules in failing to respond to the Complaint, First Amended Complaint, and only providing delayed objections to the Subpoenas. While

counsel did have short discussions for a short period, Plaintiff never agreed to any extensions to respond to this Court. Defendants had no basis for assuming that it was proper to fail to file any responsive pleading.

Even if the Court sets aside default for one of the Defendants, the Court should analyze them separately, as there is little reason to set aside default for Stellar Mutual, Inc. and Daniel Sharbani. These Defendants are even more culpable.

### i. Stellar Mutual, Inc. and Stellar Mutual Global, Inc. Do Not Demonstrate Good Cause to Set Aside

Stellar Mutual, Inc. has been in default since September 20, 2022. (Filing No. 9). Stellar Mutual, Inc. does not even argue that the default entered on September 20, 2022 was defective. Plaintiff believes that in response to this lawsuit, Defendant Stellar Mutual, Inc. transferred its assets to Stellar Mutual Global, Inc., and intentionally failed to respond in order to evade this lawsuit. To persuade Defendants to respond to this lawsuit, Plaintiff was forced to track down the new entity, Stellar Mutual Global, Inc., and file a First Amended Complaint and serve Stellar Mutual Global, Inc.. Stellar Mutual Global, Inc. was served on November 18, 2022, (Filing No. 22) making his response to the First Amended Complaint due on December 9, 2022, and has been in default since December 12, 2022. (Filing No. 24).

### ii. Mr. Sharbani Does Not Demonstrate Good Cause to set Aside

Daniel Sharbani was served on November 14, 2022, (Filing No. 20) and therefore, was due to respond to the First Amended Complaint by December 5, 2022. Mr. Sharbani has been in default since December 12, 2022. (Filing No. 24). However, Mr. Sharbani made no effort to respond to the First Amended Complaint until Defendants' counsel contacted Plaintiff on January 30, 2023. Mr. Sharbani should not be excused from default because he made no effort to respond to this Court or communicate with Plaintiff.

Further, Mr. Sharbani's motion to set aside the default should fall on deaf ears while he continues to flout Plaintiff's efforts to conduct discovery authorized by this Court by entirely providing invalid boilerplate objections in response to his Subpoena. After Plaintiff moved for leave and was granted leave to conduct discovery, (Filing Nos. 25-26) Plaintiff issued and properly served a Subpoena to Defendant Daniel Sharbani on December 20, 2022, seeking records identifying the class and call logs in order to calculate classwide damages. The Subpoena contained a required compliance date of January 24, 2023. Mr. Sharbani additionally flouted the deadline of that subpoena and failed to respond until February 17, 2023, after Plaintiff's counsel insisted on a response. Although Mr. Sharbani "responded," he did so only with objections claiming he did not possess any documents "in his personal capacity." Therefore, based on Mr. Sharbani's inadequate responses, Plaintiff is concerned about whether Defendants have preserved evidence in this case.

### D.  Plaintiff and the Putative Class Will Be And Have Been Prejudiced

Setting aside the clerk's default at this stage in the litigation would prejudice the plaintiff. Mr. Sharbani responded to the Subpoena stating he was not in possession of responsive documents. Mr. Sharbani's lack of responses to this litigation and to discovery to date indicates there may be problems preserving evidence of the illegal conduct in this case. If the delay has permitted time to destroy documents, then Plaintiff will be severely prejudiced, because call logs are needed to ascertain the class and calculate damages. Plaintiff is unable to make that determination yet because Mr. Sharbani failed to produce any documents in response to the Subpoena.

Plaintiff would be prejudiced for other reasons as well because Plaintiff has diligently begun to conduct discovery pursuant to the Court's Order, and responses are pending. The plaintiff has already obtained a default against Stellar Mutual, Inc. on September 20, 2023, and a default against all three defendants on December 12, 2022, and was granted leave to conduct limited discovery on the issues of class certification and damages on December 20, 2022. Allowing the defendants to set aside the default at

this late stage would contradict the Court's current Orders and could delay the proceedings and harm the plaintiff's ability to pursue the case in a timely and efficient manner.

### E. Authorities Weigh Against Setting Aside Default

The only case cited where a motion to set aside was granted was *J & J Sports Prods., Inc. v. Garrido*, No. 8:18-CV-186, 2018 U.S. Dist. LEXIS 187166, 2018 WL 5722702, (D. Neb. Nov. 1, 2018), but that case is distinguishable. In that case, there was only a one-month delay in moving to set aside after having default entered. *Id*. at *1. The defendant's explanation for default was that they were not properly served and did not receive notice of the suit until after the default was entered. This was an innocent explanation and only a short delay in moving to set aside. Defendant also provided a proposed answer. The court found that the circumstances did not warrant a default judgment and that relief from the default was appropriate. Here, however, Defendants provide no such innocuous explanation after much more time has elapsed, with discovery responses already due, thereby depriving Plaintiff of needed class discovery, and failing to even present a meritorious defense or proposed answer.

The prevailing authority is *Johnson*, 140 F.3d 781. Dayton Electric failed to file a timely answer to a complaint alleging product liability. The plaintiff moved for default judgment against Dayton Electric, and the district court entered an order granting the motion. Dayton Electric later filed a motion to set aside the default judgment, arguing that its failure to answer was due to a mistake by its in-house attorney and that it had a meritorious defense. The length of time the defendant failed to respond in *Johnson* is not explicitly stated in the case record. However, it is noted that the plaintiff's complaint was filed on October 9, 1997, and a default was entered against the defendant on December 15, 1997. Therefore, it appears that good cause to set aside the default could not be found where the defendant failed to respond to the complaint for at least two months. The district court denied Dayton Electric's motion, finding that its failure to answer was willful and that setting aside the default judgment would prejudice the plaintiff.

The Eighth Circuit draws a distinction between contumacious or intentional delay or disregard for deadlines and procedural rules, and a "marginal failure" to meet pleading or other deadlines. *Johnson*, 140 F.3d at 784. A "good faith, relatively brief default in the filing of an initial pleading, caused by poor communication" between the defendant and its counsel. *Cf. Nat'l. Indep. Truckers Ins. Co. v. Gadway*, No. 8:10CV253, 2011 WL 108704, at *1 (D. Neb. Jan. 12, 2011) ("Gadway, himself, did not engage in any conduct to cause the delay, i.e., the delay was out of his control, rather than a willful flaunting of the deadline."); This is nothing like the situation here, where there is no excuse for Defendants' culpable behavior of disregarding this Court and preventing Plaintiff from obtaining valuable discovery for the benefit of the class over the past several months.

V. **CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court deny Defendants' motion to set aside the default.

Dated: February 20, 2023        Respectfully submitted

By: s/ Mark L. Javitch
Mark L. Javitch
Bar Number: CA 323729
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff*
And those similarly situated

**NEBRASKA CIVIL RULE 7.1(d)(3) CERTIFICATION OF COMPLIANCE**

Pursuant to Nebraska Civil Rule 7.1(d)(3), the undersigned certifies that this Brief in Opposition to Defendants' Motion to Set Aside Default contains 3,119 words. The certifying author relies on the word-count function of Microsoft Word for Office 365 and certifies that the function was applied to include all text, including the caption, headings, footnotes, and quotations.

s/ Mark L. Javitch

**CERTIFICATE OF SERVICE**

On February 20, 2023, I filed this motion electronically with the United States District Court for the District of Nebraska CM/ECF system. Electronic notice was therefore automatically emailed to counsel of record for Defendants.

By: s/ Mark L. Javitch