IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEJANDRO VALLESILLO, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>JOHN DOE, an unknown business entity,<br><br>     Defendant,<br><br>  v.<br><br>STELLAR MUTUAL INC., a Delaware corporation, STELLAR MUTUAL GLOBAL INC., a Delaware corporation and DANIEL SHARBANI, an individual,<br><br>     Defaulted Defendants. | Case No.: 8:22-CV-00307-RFR-MDN<br><br>**AMENDED REPLY IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT** |

Defaulted Defendants Stellar Mutual, Inc. ("Stellar Mutual"), Stellar Mutual Global, Inc. ("Stellar Mutual Global") and Daniel Sharbani ("Mr. Sharbani") (collectively, "Defendants") respectfully submit this Reply Brief in support of their Motion to Set Aside Clerk's Entry of Default.

**I. INTRODUCTION**

Plaintiff's response to the Motion to Set Aside Default is based largely on supposition, offered without any explanation, and suggestions of bad faith on the part of Defendants,[1] in addition to mischaracterization of discovery responses served on Plaintiff.

---

[1] Plaintiff suggests that discovery responses, which were prepared and served by counsel, an attorney properly admitted to this Court for more than a dozen years, were served with the purpose of obstruction so that documents could potentially be hid or destroyed. Plaintiff—by his own admission—offers this suggestion without any evidentiary basis. Plaintiff's Brief, Doc. 33 at 7 ("Plaintiff is **unable to make that determination yet** because Mr. Sharbani failed to produce any documents in response to the Subpoena.") (emphasis added). Such a suggestion is improper and should play no role in determining the underlying merits of the Motion.

1

First, Plaintiff's repeated references to a September default against one of the Defendants, Stellar Mutual, Inc., is irrelevant as that default, and the Complaint upon which it was based, was mooted and made a legal nullity by Plaintiff's filing of its Amended Complaint.  The only default at issue is the later, December, default, which was approximately two months old at the time the instant motion was filed.

Second, Plaintiff's repeated references to discovery requests and responses are irrelevant. As discussed further below, Plaintiff attempted to conduct discovery on *corporate* records by serving a subpoena on an *individual*, Mr. Sharbani.[2]  Mr. Sharbani does not maintain *corporate* records in his personal capacity and, as such, clearly stated he had no records to produce.  Instead of serving a subpoena on the *corporations* at issue, which, if such records exist, properly have possession, custody and control over the sought-after records, Plaintiff suggests a conspiracy theory to oppose setting aside default.  Plaintiff's unsubstantiated and improper suggestions of potential wrongdoing are not entitled to any weight.

Beyond these unsupported suggestions of wrongdoing and references to already responded to discovery requests, Plaintiff fails to identify any prejudice that would be suffered if the Court grants Defendants' Motion.  Plaintiff's decision to serve a subpoena for corporate records on an individual and the delay caused by Plaintiff's faulty strategic decision not to simply subpoena the named corporate Defendants is not relevant prejudice that would warrant the disfavored remedy of default.  To date, no class certification procedures have begun, which would be required before any classwide judgment could be entered.  Plaintiff has served a single discovery request on a single party and has not identified any reasonable, fact-based argument for prejudice that does not involve baselessly impugning Defendants.

---

[2] As Plaintiff also correctly notes, Plaintiff also served discovery requests on Defendants' prior counsel, which were withdrawn as improperly served.

As discussed in the Motion and below, Defendants have established good cause to have the current default set aside. Such a result is consistent with this Circuit's strong principle in favor of litigation on the merits and will simply hold Plaintiff to his obligation to prove his case, which has not been harmed by the very short period of default at issue.

## II. THE SEPTEMBER 2022 DEFAULT IS LEGALLY IRRELEVANT

Plaintiff repeatedly references a September 2022 default (*see* Doc. 9) and suggests Defendants "do not appear to take issue" with that default. Doc. 33 at 3. Likewise, Plaintiff suggests the original default is still effective. That default is irrelevant, however, because of Plaintiff's decision to file a subsequent Amended Complaint. Doc. No. 10. The filing of the Amended Complaint "supersedes the original complaint, which is 'treated thereafter as non-existent.'" *Liberty Media Holdings, LLC v. Hawaii Members of Swarm of Nov. 15, 2010 to Jan. 27, 2011, Sharing Hash File AE340D0560129AFEE8D78CE07F2394C7B5BC9C05*, No. CIV. 11-00262 DAE, 2012 WL 1377003, at *1 (D. Haw. Mar. 27, 2012), *report and recommendation adopted*, No. CIV. 11-00262-DAE, 2012 WL 1377000 (D. Haw. Apr. 18, 2012). "Once an amended complaint is filed and served, the original complaint is of no legal consequence." *Lemon Tree Dev. LLC v. Philopatyr Corp.*, No. 10-CV-5228 ARR, 2011 WL 6396624, at *1 (E.D.N.Y. Dec. 20, 2011); *see also Huertas v. TransUnion, LLC*, No. CV 08-244 (JBS/AMD), 2009 WL 10690329, at *2 (D.N.J. Nov. 10, 2009) ("In light of Plaintiff's subsequent filing of a Second Amended Complaint that adds claims against T–Mobile and names new parties as defendants, the Court concludes that the Clerk's entry of default on an earlier-filed pleading must be set aside."). Because any prior default is a legal nullity upon the filing of the Amended Complaint, no challenge to that default was necessary and that prior default is irrelevant to the instant Motion.

3

### III. JUDICIAL POLICY STRONGLY DISFAVORS DEFAULT

The Eighth Circuit has "frequently endorsed the strong judicial policy against default judgments." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). That rule has been repeatedly recognized by courts of this District. *See, e.g.*, *Pals v. Wkly.*, No. 8:17CV175, 2019 WL 7482263, at *3 (D. Neb. June 28, 2019) ("The Court will not enter a default judgment as requested by Plaintiffs, as this is an extreme and largely disfavored sanction."); *Est. of Joyce Rosamond Petersen v. Boland*, No. 8:16CV183, 2016 WL 4401991, at *3 (D. Neb. Aug. 18, 2016) ("Default judgments are disfavored, and should be a rare judicial act."); *United States v. Nelson*, No. 4:13CV3095, 2013 WL 6036665, at *3 (D. Neb. Nov. 13, 2013) ("Moreover, a default judgment is a disfavored, drastic sanction that should be limited to instances when parties engage in 'willful violations of court rules, contumacious conduct, or intentional delays.'"). Plaintiff fails to provide any explanation for why this matter, with a default of such a short period, and in a class action posture but with no class certified, would support such a disfavored remedy when there is no reason the litigation cannot proceed in the normal course.

### IV. DEFENDANTS HAVE ESTABLISHED GOOD CAUSE

As noted in Defendants' Motion, the Court may set aside an entry of default for good cause. Further, the decision to set aside a default is "committed to the sound discretion of the district court." *Est. of Joyce Rosamond Petersen*, 2016 WL 4401991 at *3. "When examining whether good cause exists, the district court should weigh whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *McClain v. Menard, Inc.*, No. 8:21CV268, 2022 WL 625152, at *2 (D. Neb. Mar. 2, 2022). However, "there is a judicial preference for adjudication on the merits." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998).

4

Further, as Plaintiff notes, the current default is simple entry of default, not entry of default judgment. As such, the necessary showing of good cause is lesser than it would be if full judgment had been entered. *J & J Sports Prods., Inc. v. Garrido*, No. 8:18-CV-186, 2018 WL 5722702, at *1 (D. Neb. Nov. 1, 2018) ("[R]elief from a default judgment requires a stronger showing of excuse than relief from a *mere default order*.") (emphasis added).

In *McClain v. Menard, Inc.*, No. 8:21CV268, 2022 WL 625152, at *2, good cause existed to justify setting aside default judgment when the defaulted defendant mistakenly believed their commercial general liability insurer answered the complaint on their behalf. So too in *Union Pac. R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782 (8th Cir. 2001), a defaulted defendant's neglect to file answer to a complaint because of recording errors by its legal department warranted relief from a default judgment.

Here, as noted in their Motion, Defendants were operating at all times on the good faith belief that their retained, non-local counsel was competently representing them and timely responding on their behalf in this action. Moreover, Defendants were informed by their non-local counsel that good faith settlement discussions were occurring. Plaintiff, in its Opposition, **confirms** that such discussions were taking place. *See* Doc. 33 at pp. 5-6. Thus, Plaintiff's suggestion that any of Defendants "ignored" this litigation is inaccurate—Defendants were actively attempting to resolve the litigation through their prior counsel.

After Defendants became aware of their non-local counsel's failures to adequately and timely represent their interests, while pursuing settlement, Defendants retained new, local counsel in this matter who immediately filed to set aside default and allow Defendants to file a responsive pleading. Defendants' showing of good cause does not exhibit any "contumacious or intentional delay or disregard for deadlines and procedural rules." *Johnson v. Dayton Elec. Mfg. Co.*, 140

F.3d 781, 784 (8th Cir. 1998). Rather, this is the sort of "marginal failure" to meet pleading or other deadlines for which relief is appropriate: a good faith, relatively brief default in the filing of an initial pleading, caused by poor communication between Defendants and their previously retained, non-local counsel. *Id.* at 783.

Instead of acknowledging this reality, and without evidence or explanation, however, Plaintiff asserts that he was required to name additional parties (without any specific allegations in the Amended Complaint about their culpability and/or any basis for piercing the corporate veil) because he "believes" assets may have been transferred to avoid the litigation. (Doc. 33 at p. 6). Again, however, Plaintiff acknowledges Defendants' prior counsel did not ignore the litigation but sought to engage in settlement discussions. Further, Plaintiff will have the ability to investigate these issues, if he chooses, once default is set aside.

Plaintiff's reference to discovery requests is similarly unavailing. Plaintiff suggests one of the Defendants, Mr. Sharbani has "flouted" discovery. Again, however, Plaintiff acknowledges that Mr. Sharbani *has responded* to his discovery demand (once local counsel was engaged). Plaintiff states Mr. Sharbani offered only "boilerplate objections." In fact, however, Mr. Sharbani provided responses *and* objections. And, as Plaintiff alludes to, Mr. Sharbani responded that, as an individual, he had no responsive records. Plaintiff's subpoena did not ask for any records related to Mr. Sharbani. Instead, Plaintiff sought corporate documents that do not belong to Mr. Sharbani. Mr. Sharbani's response that he had no documents was correct. *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 455 (E.D.N.C. 2005) ("[A corporation's] records are usually available to others within the entity and may not be treated as the private confidential papers of any one officer or employee. The officer creates or handles the records in a representative capacity, not on his own behalf. The records, moreover, do not belong to him but

6

to the organization.") (quoting *In re Grand Jury Subpoenas Duces Tecum Dated June 13, 1983 and June 22, 1983*, 722 F.2d 981, 984 (2d Cir. 1983)); *see also Contardo v. Merrill Lynch, Pierce, Fenner & Smith*, 119 F.R.D. 622, 624 (D. Mass. 1988) ("a party cannot secure documents from an opposing party by serving a deposition subpoena duces tecum on an employee of the opposing party commanding production of the party's documents"). Plaintiff has the opportunity to serve discovery requests on the corporate Defendants for their corporate records and Plaintiff's strategic decision to request records from the wrong party is not evidence of any wrongdoing on the part of Mr. Sharbani, or any delay tactics that would militate against default.

Plaintiff claims that setting aside the default in this case would delay the proceedings and infringe on Plaintiff's ability to pursue the case in a timely manner. This is not a basis for concluding that Plaintiff has been prejudiced in a "concrete way." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (finding prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits). As the Eighth Circuit explained in *Johnson*, "[s]etting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Johnson*, 140 F.3d at 785 (citing *Swink v. City of Pagedale*, 810 F.2d 791, 792 n.2 (8th Cir.), *cert. denied*, 483 U.S. 1025 (1987)). There is no factual basis alleged to suggest any such potential here. Plaintiff's baseless, unsupported suggestion that any party *may* "destroy documents" is unwarranted, unsupported and inconsistent with the manner in which litigation is practiced in this District. Such a bare assertion would always be available in opposition to a motion to set aside default, which would eviscerate the judicial presumption in favor of trials on the merits.

Finally, Plaintiff argues that Defendants failed to present a meritorious defense. A "meritorious defense" is a defense that addresses the substance or essentials of a case rather than

7

dilatory or technical objections. *In re Price*, 388 B.R. 901, 909 (Bankr. E.D. Ark. 2008). Defendants' Motion clearly identified multiple defenses they intend to offer if default is set aside. These include "that, among other things, Plaintiff's allegations in the Complaint are inadequate to state a claim for relief against Defendants, that certain parties to this litigation are misnamed, that no violation of the TCPA took place and that Plaintiff consented to being contacted by Defendant Stellar Mutual." (Doc. 32 at ¶ 19).[3] Plaintiff contends the TCPA is based on "strict liability," but liability must still be proven, and affirmative defenses are available under the TCPA. Plaintiff's bare assertion that no defenses are available is factually and legally incorrect, and Defendants have identified multiple grounds for defense that are sufficient to justify setting aside default.

## V.     CONCLUSION

Default has been in place for a short period of time, and it was the result of Defendants' reliance on prior counsel, who failed to respond in a timely manner. Defendants have subsequently retained local counsel to defend their interests. Plaintiff has failed to identify any actual prejudice, not simply biased supposition, he would suffer. The fact Plaintiff would have to make his case and meet his burdens is not prejudice that would justify the disfavored remedy of default. Finally, Defendants have multiple potentially meritorious defenses they will pursue if default is set aside. As such, Defendants have established good cause for default to be set aside.

---

[3] Notably, Plaintiff's Opposition reflects that Plaintiff filed his Amended Complaint to bring in parties that he does not believe violated the TCPA themselves. Plaintiff notes he named these parties, not because they called him, but because of his unsubstantiated (and unpled) "belief" that assets may have been transferred from one entity to another.

8

Dated this 24th day of February, 2023.

        STELLAR MUTUAL INC., STELLAR
        MUTUAL GLOBAL INC and DANIEL
        SHARBANI, Defendants

  By: */s/ Edward M. Fox II*
     Edward M. Fox II, #24601
     Natalie A. Pieper, #27481
     KUTAK ROCK LLP
     The Omaha Building
     1650 Farnam Street
     Omaha, NE  68102
     Telephone:   (402) 346-6000
     Facsimile:   (402) 346-1148
     edward.fox@kutakrock.com
     natalie.pieper@kutakrock.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word-count function was applied to all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word for Office 365 and contains 2,757 words.

        */s/ Edward M. Fox*
        Edward M. Fox

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2023 I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all parties of record.

        */s/ Edward M. Fox*
        Edward M. Fox

4886-6526-0882.3